IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE MARION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL RAILROAD PASSENGER | ) | |
| CORPORATION, d/b/a AMTRAK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, CONNIE MARION, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, and MASSIMO A. TERZIGNI, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

PARTIES

1. Plaintiff, CONNIE MARION (hereinafter referred to as "Plaintiff"), is an adult citizen of the Commonwealth of Pennsylvania, residing in Allegheny County.

2. Defendant, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK (hereinafter referred to as "Defendant"), is a Washington D.C. corporation with its headquarters located at 60 Massachusetts Avenue, Washington D.C. 20002 and local offices at Amtrak – Pittsburgh Station, 1100 Liberty Avenue, Pittsburgh, Pennsylvania 15222.

3. At all times relevant hereto, Defendant was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office, employment or assignment.

4.        Defendant is, and at all times relevant to this Complaint has been, an employer in an industry affecting commerce within the meaning of Section 701(b) of the Civil Rights Act of 1964 and 42 U.S.C. Section 2000e-5(3), and is thus covered by the provisions of Title VII and the Civil Rights Act of 1991.

JURISDICTION AND VENUE

5.        This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination and retaliation in her employment on account of her sex, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. (as amended)("Title VII") and the Civil Rights Act of 1991 (as amended), as well as pendent state law claims.  Declaratory relief is sought under and by virtue of Title 28 U.S.C. Section 2201 and 2202.  Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. Section 1331 and 1343(3), and by Title 42 U.S.C. Section 2000(e).  The Court is empowered to consider the claims outlined in Count IV hereto under the doctrine of pendent jurisdiction.

6.        All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391 (b)(2) and (c).

7.        Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, and in particular:

> A.        Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 5, 2014, and February 13, 2014, and said charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

      B.      The EEOC issued Notices of Right to Sue dated July 14 and 17, 2015; and

      C.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notices of Right to Sue.

8.      A JURY TRIAL IS DEMANDED AS TO ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

## FACTUAL ALLEGATIONS

9.      Plaintiff was employed by the Defendant from January 17, 2012, until her unlawful termination on November 19, 2014.  At all times during her employment, Plaintiff held the position of electrician.

10.      At the time that Plaintiff was hired, she was the first female employed by the Defendant as an electrician within the previous ten years.

11.      During the course of her employment with the Defendant, Plaintiff was subjected to a hostile work environment, which included multiple instances of discrimination, harassment, disparate treatment and retaliation based on her sex.

12.      Plaintiff was subjected to numerous instances of unfair, discriminatory treatment by her male supervisors, including, but not limited to, allowing male employees to miss work or not appear on time without being disciplined, while Plaintiff was disciplined for similar infractions.

13.      By way of an additional, non-exclusive example, Plaintiff reported to male supervisors that she was often called a "b-tch" and a "c-nt," as well as numerous other instances of harassing conduct by male co-workers with no action being taken by management to remedy the situation, despite having notice and the opportunity to do so.

14.      At various times throughout the course of her employment, Plaintiff made numerous reports to Defendant's management that she was being subjected to repeated sexual

discrimination, sexual harassment, defacement of her personal property, offensive remarks and a sexually hostile work environment by her co-workers, and that such conduct was because of her gender, female.

15. After participating in the protected activity of making complaints of sexual discrimination, sexual harassment, offensive remarks and conduct, defacement of personal property and a hostile work environment to Defendant's management, Plaintiff was subjected to retaliatory treatment. One example of this retaliation is that Plaintiff was punished severely for conduct (i.e., being late for work) that did not result in punishment for male co-workers who engaged in similar or worse conduct.

16. At various times during 2014, the Plaintiff was subjected to unfair and retaliatory suspensions by the Defendant. Plaintiff received a verbal counseling in April, 2014, and was suspended on three occasions during that year. Each time that Plaintiff was suspended, the reasons given for that suspension were pretextual. In each instance, the Plaintiff was disciplined for actions that were routinely undertaken by male employees under circumstances in which those male employees were not disciplined in any way. Plaintiff was subjected to suspensions related to these disciplinary actions under circumstances where male employees were not subjected to investigation for committing the same infractions. At least one of the suspensions, where Plaintiff was removed from service pending an investigation in October 2014, came shortly after the Plaintiff made various complaints to Defendant's management regarding the sexually discriminatory and harassing conduct of Defendant's employees. Plaintiff believes and therefore avers that the October 2014 suspension was in part in retaliation for Plaintiff having reported the infractions described hereinbefore above.

17.     Plaintiff believes that the Defendant's actions in disciplining Plaintiff as aforementioned stemmed from the fact that she is female, based upon the specific conduct at issue, in addition to the fact that discriminatory actions, sexually harassing conduct and offensive statements by male co-workers were ignored by management in the face of her specific complaints to various members of Defendant's management.  Moreover, Plaintiff was told by a co-worker that she was being targeted for the conduct described above because she is a female.

18.     Plaintiff's male co-workers, including, but not limited to, David Williams, Bob Sauter, Tom Able, David Gaffney and David Bruce, were not subjected to harassment or disciplinary action despite instances of missing work through being late, sleeping on the job and/or watching television while on the clock.

20.     On or about November 5, 2014, Plaintiff filed a Charge of Discrimination with the EEOC regarding the discriminatory, harassing and retaliatory conduct of the Defendant, as well as the hostile work environment to which she was subjected by the Defendant.

21.     Soon after the filing of that charge, on November 19, 2014, Plaintiff was unlawfully terminated. The alleged reason for Plaintiff's termination was dishonesty in reporting her hours worked.  However, the reason is pretextual as males have not been terminated for the same or more serious conduct.

22.     Plaintiff believes, and therefore avers, that she was terminated in part in retaliation for filing her Charge of Discrimination with the EEOC.

23.     Based on Defendant's retaliatory conduct, Plaintiff filed a second Charge of Discrimination on or about February 13, 2015.

## COUNT I:

### SEXUAL (GENDER) DISCRIMINATION

24. Plaintiff incorporates by reference Paragraphs 1 through 23 as though fully set forth at length herein.

25. As described hereinbefore above, Plaintiff was sexually harassed, subjected to a sexually hostile work environment, discriminated against based upon her sex, particularly when males were treated more favorably than she, subjected to unfair discipline and, ultimately, unlawfully terminated.

26. As a direct result of the Defendant's discriminatory and retaliatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

27. Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

28. The actions of the Defendant, as aforementioned, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

29. The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

    a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

    b. that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the

        Defendant's violation of the Civil Rights Act of 1991;

c.    that the Court order the Defendant to reinstate the Plaintiff and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights; or in the alternative that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights;

d.    that the Court award the Plaintiff compensation for any and all lost wages and benefits;

e.    that the Court order the Defendant to pay pre and post-judgment interest on any award given to the Plaintiff;

f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT

30.    Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully set forth at length herein.

31.    Plaintiff was subjected to a sexually hostile work environment during her employment with the Defendant in that Plaintiff was repeatedly subjected to sexually harassing conduct and offensive comments by her co-workers, which went unchecked by Defendant's management. Although Plaintiff made numerous complaints to Defendant's management regarding the conduct to which she was subjected, Defendant did not take any purposeful remedial action. The sexual discrimination, harassment and hostility at Plaintiff's workplace was repeated, regular, severe and/or pervasive.

32.     Members of Defendant's management were aware of the above-described conduct and, through their actions and inactions, condoned this hostile work environment.

33.     As a direct result of the sexual harassment and hostile work environment permitted by Defendant in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  Additionally, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress.  Moreover, the Plaintiff has incurred counsel fees and other costs of pursuing her legal rights.

34.     The actions on the part of the Defendant are part of a plan, pattern or practice of sexually harassing and/or discriminating against female employees in the type and manner described above which may affect others similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.  that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

b.  that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

c.  that the Court order the Defendant to reinstate the Plaintiff and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights; or in the alternative that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights;

d.  that the Court award the Plaintiff compensation for any and all lost wages and benefits;

e.  that the Court order the Defendant to pay pre and post-judgment interest on any award given to the Plaintiff;

  f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

RETALIATION

35. Plaintiff incorporates by reference Paragraphs 1 through 34 as though fully set forth at length herein.

36. As described hereinbefore above, Plaintiff engaged in protected activity, which included, but was not limited to, making complaints to Defendant's management regarding sex discrimination, sexual harassment and a hostile work environment. Plaintiff also filed an EEOC Charge of Discrimination. However, Defendant did not take any remedial action regarding the complained of conduct.

37. As a direct result of engaging in these protected activities, Plaintiff suffered adverse employment actions almost immediately thereafter, including, but not limited to continued harassment, suspensions and, ultimately, unlawful termination.

38. As a direct result of the Defendant's retaliatory actions in violation of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

39. Additionally, the Plaintiff has suffered emotional, psychological and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the

Defendant's discriminatory conduct as described above.

40. The actions of the Defendant, as aforementioned, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

    a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

    b. that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

    c. that the Court order the Defendant to reinstate the Plaintiff and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights; or in the alternative that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights;

    d. that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

    e. that the Court order the Defendant to pay pre and post-judgment interest on any award given to the Plaintiff;

    f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

<u>PHRA VIOLATIONS</u>

41. Plaintiff incorporates Paragraphs 1 through 40 as though fully set forth at length herein.

42. As set forth above, Defendant has discriminated against the Plaintiff because of her sex in

violation of the Pennsylvania Human Relations Act, 43 Pa. C.S.A. Section 955(a).

43. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff was discriminated against based on her sex, subjected to a hostile work environment and retaliated against based on her participation in a protected activity, and she suffered the injuries set forth at length above.

44. As a direct result of the Defendant's discriminatory actions, and in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has and or will incur counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from physical and emotional distress, inconvenience, humiliation, loss of standing among her peers, apprehension and stress.

45. The actions of the Defendant as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

 a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Pennsylvania Human Relations Act;

 b. that, in addition to the damages described hereinbefore above, the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's violation of the Pennsylvania Human Relations Act;

 c. that the Court order the Defendant to reinstate the Plaintiff and increase the Plaintiff's salary to the level to which she would be entitled but for the discrimination described above, together with the accumulated seniority, fringe benefits, position and all other rights; or in the alternative that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights;

 d. that the Court award the Plaintiff compensation for any and all lost salary, wages and benefits;

 e. that the Court order the Defendant to pay pre and post-judgment interest on any award given to the Plaintiff;

    f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

    g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, Pennsylvania  15222
(412) 281-9194


s/Massimo A. Terzigni
Massimo A. Terzigni, Esquire
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
(412) 281-9194

Dated:  October 12, 2015